NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 7 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NATHAN R. APILADA, | No. 18-36100 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-00898-AA |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted October 5, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, HAWKINS, and McKEOWN, Circuit Judges.

Nathan Apilada appeals the district court's decision affirming the Commissioner of Social Security's denial of his application for supplemental security income under Title XVI of the Social Security Act. This court reviews the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's order sustaining the denial of benefits de novo. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015). This court may set aside the administrative law judge ("ALJ")'s denial of benefits only if it is not supported by substantial evidence or is based on legal error. *Id.*

The ALJ adequately explained his findings concerning the opinions of the state agency medical consultants Dr. Richard Alley and Dr. Nathaniel Arcega and the findings concerning the limitations of Apilada's left upper extremity ("LUE"). First, the ALJ gave the opinions "significant weight" because they adequately considered the claimant's hearing and LUE, and the ALJ agreed with the consultants' conclusion that claimant was not disabled. Second, the ALJ noted that the consultants' opinions were "generally supported" by claimant's work activity and daily activities. Third, the ALJ adequately explained why he rejected the consultants' restrictions to occasional handling with the LUE in favor of a weight-based restriction on handling with the LUE by recounting a history of Apilada's left arm and referencing the hearing record of Apilada lifting heavy stoves as part of his current job. The ALJ reasonably concluded that Apilada could frequently handle 10 pounds and occasionally handle 20 pounds with his left hand. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2018) (holding that even though a claimant may argue that an ALJ could have come to a different conclusion in weighing medical opinions,

2                                                                                    18-36100

the ALJ's findings will be affirmed if they are rational and supported by substantial evidence).

The ALJ properly explained his findings that Apilada had somewhat less hearing limitation than indicated by Dr. Andrew Pedersen. Contrary to claimant's assertion that the ALJ offered an inadequate explanation for his finding on Apilada's hearing limitation, the ALJ devoted a paragraph of his decision to detailing a history of Apilada's hearing loss and Dr. Pedersen's analysis. Based on those facts, the ALJ restricted Apilada to work in a quiet office type work environment with no background noise. This was a reasonable interpretation of Dr. Pedersen's opinion, in the context of the overall record, and entitled to deference. *Shaibi*, 883 F.3d at 1108. In addition, any error that resulted from the ALJ's interpretation of Dr. Pedersen's opinion was harmless given the subsequent additional evidence of Apilada's improved hearing that was submitted to the Appeals Council after the ALJ decision. *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (holding that any error is harmless where it is inconsequential to the ultimate non-disability determination).

**AFFIRMED.**

18-36100